IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| THOMAS-MARTIN HAPPLE, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Civil Action No. 23-1399-GBW |
| DANA D'ANGELO, | ) ) ) | |
| Defendant. | ) ) | |

Thomas-Martin Happle, Millsboro, Delaware – *Pro se* Plaintiff

Dana D'Angelo, KENT & MCBRIDE, PC, Wilmington, Delaware – Counsel for Defendant Dana D'Angelo

**MEMORANDUM OPINION**

May 16, 2025
Wilmington, Delaware

**WILLIAMS, U.S. District Judge:**

## I.   INTRODUCTION

On December 7, 2023, Plaintiff Thomas-Martin Happle initiated this action *pro se* with the filing of a Complaint. (D.I. 1.) Now pending before the Court is Defendant Dana D'Angelo's motion to dismiss the Complaint. (D.I. 13.) The Court grants Defendant's motion to dismiss for the reasons explained below.

## II.   BACKGROUND

According to the Complaint, on February 15, 2023, in the Bloomingdale Municipal Court in New Jersey, Defendant removed Plaintiff from Defendant's courtroom during a hearing. (*See* D.I. 1 at 4.) Plaintiff believes that this removal amounted to a denial of due process. (*See id.*) For this alleged violation of rights, Plaintiff seeks $4,855,000 in monetary damages, interest, and injunctive relief in the form of the Bloomingdale Municipal Court ceasing contact with the "Cornerstone Family God Trust [and] its property and family members." (*Id.* at 5.)

After Defendant moved to dismiss the Complaint (*See* D.I. 13), and the parties briefed the matter (*see* D.I. 15, 16), Plaintiff filed an Amended Complaint (D.I. 17) out-of-time and without permission of the Court. The Amended Complaint alleges that Defendant, in his official capacity as a Bloomingdale Municipal Court Judge, authorized and directed law enforcement officers in violating Plaintiff's rights

1

during the February 15, 2023 hearing and the preceding arrest, which amounted to a conspiracy involving various civil violations and criminal offenses. (*Id.* at 2-4.)

## III.  LEGAL STANDARD

In reviewing a motion to dismiss filed under Fed. R. Civ. P. 12(b)(6), the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to Plaintiff. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94.

A Rule 12(b)(6) motion may be granted only if, accepting the well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the complainant, a court concludes that those allegations "could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007). "Though 'detailed factual allegations' are not required, a complaint must do more than simply provide 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action.'" *Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 241 (3d Cir. 2014) (quoting *Twombly*, 550 U.S. at 555). The Court is "not required to credit bald assertions or legal conclusions improperly alleged in the complaint." *In re Rockefeller Ctr. Props., Inc. Sec. Litig.*, 311 F.3d 198, 216 (3d Cir. 2002). A complaint may not be dismissed, however, "for imperfect statement of the legal

theory supporting the claim asserted." *Johnson v. City of Shelby*, 574 U.S. 10, 11 (2014).

A complainant must plead facts sufficient to show that a claim has "substantive plausibility." *Id.* at 12. That plausibility must be found on the face of the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the [complainant] pleads factual content that allows the court to draw the reasonable inference that the [accused] is liable for the misconduct alleged." *Id.* Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

## IV. DISCUSSION

Holding the *pro se* Complaint to a less stringent standard than formal pleadings drafted by lawyers and viewing it in the light most favorable to Plaintiff, the Court cannot reasonably infer a due process violation from the scant facts alleged. The Complaint relies on bald assertions and legal conclusions, which the Court does not credit in the absence of supporting factual allegations. (*See* D.I. 1.) The Amended Complaint does not cure this deficiency. (*See* D.I. 17.) Put simply, Plaintiff's claims do not raise a claim of entitlement to relief.

Moreover, a "judicial officer in the performance of his duties has absolute immunity from suit and will not be liable for his judicial acts."

3

*Capogrosso v. Supreme Court of New Jersey*, 588 F.3d 180, 184 (3d Cir. 2009). At issue here exclusively are Defendant's judicial acts as a Bloomingdale Municipal Court judge. (*See* D.I. 1; *see also* D.I. 17.) As such, all of Plaintiff's claims against Defendant are barred by judicial immunity. Accordingly, the Complaint (D.I. 1) will be dismissed. The Amended Complaint (D.I. 17) shows amendment is futile.

## V.    CONCLUSION

For the reasons discussed, the Court will grant Defendant's motion to dismiss (D.I. 13) and dismiss the Complaint (D.I. 1). Amendment is futile.

An appropriate Order will be entered.